O

No JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEHUNETTA LACKEY, an individual, | CV 18-1512-RSWL-JC |
| Plaintiff, | **ORDER re: Defendant's Motion to Dismiss** [30] |
| v. | |
| FEDERAL EXPRESS CORPORATION, a Delaware Corporation; FEDEX CORPORATION, a Delaware Corporation; and DOES 1-50, Inclusive, | |
| Defendants. | |

Currently before the Court is Defendant FedEx Corporation's ("FedEx") Motion to Dismiss Plaintiff Jehunetta Lackey's ("Plaintiff") First Amended Complaint ("Motion") [30]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** FedEx's Motion **WITHOUT LEAVE TO AMEND.**

**I. BACKGROUND**

**A. Factual Background**

Plaintiff is an individual citizen of California. First Am. Compl. ("FAC") ¶ 3, ECF No. 28. Defendants Federal Express Corporation ("Federal Express") and FedEx (collectively, "Defendants") are two corporations existing under the laws of Delaware, with principal places of business in Tennessee. Id. ¶ 2. Plaintiff alleges that Defendants are part of a very large corporation that does business all over the world. Id. ¶ 8. FedEx allegedly maintains control over its subsidiaries' operations and is responsible for its subsidiaries' acts. Id. Further, Plaintiff alleges that FedEx "engages in wide ranging coordination and control over the practices of its business units," including centralized human resources, record keeping, benefits, and planning and hiring, among other crucial business functions. Id. FedEx and Federal Express allegedly engage in joint promotions, share policies and strategic planning, and share a legal department. Id.

Defendants[1] hired Plaintiff in June 2004. Id. ¶ 9. In September 2012, Plaintiff was injured while working for Defendants. Id. ¶ 12. In 2013, Plaintiff took medical leave due to complications arising from her September 2012 injury. Id. ¶ 14. Plaintiff alleges

---

[1] Plaintiff combines Defendants in each allegation, not specifying which Defendant was involved in the conduct alleged.

2

that Defendants removed Plaintiff from her position and required her to search for a new position due to her medical leave. Id. ¶ 15. Plaintiff found a new position and continued to work for Defendants. Id.

In February 2015, Plaintiff experienced additional complications related to the September 2012 injury, forcing her to take additional medical leave. Id. ¶ 16. Plaintiff alleges that Defendants failed to properly process Plaintiff's injury documentation, which delayed Plaintiff's ability to receive treatment. Id. When Plaintiff returned to work, Defendants allegedly failed to return Plaintiff to a position that accommodated her medical restrictions. Id. ¶ 18. According to Plaintiff, Defendants forced Plaintiff to search for a new position without Defendants' aid, and despite her best efforts, Plaintiff was unable to secure a new position. Id. On May 18, 2016, Defendants terminated Plaintiff. Id. ¶ 20.

Plaintiff alleges that Defendants discriminated against her based on her disability and medical condition by refusing to accommodate Plaintiff with work. Id. ¶ 24. Further, Plaintiff alleges that Defendants retaliated against Plaintiff for being unable to perform her job due to her disability. Id. ¶ 32. Plaintiff also alleges that both corporations, through their officers, directors, and managing agents, directed the acts toward her. Id. ¶ 50.

B. **Procedural Background**

On February 23, 2018, Plaintiff filed her Complaint [1] seeking damages from Defendants for their alleged violations of the FEHA. FedEx filed a Motion to Dismiss [14] claims against FedEx on April 20, 2018, which the Court granted with leave to amend on June 11, 2018. Plaintiff filed her First Amended Complaint [28] on July 2, 2018. FedEx filed the instant Motion [30] on July 16, 2018, to which Plaintiff did not file an opposition. FedEx filed its Reply [35] on July 31, 2018.

## II. DISCUSSION

A. **Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted. A complaint must contain sufficient facts, accepted as true, to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). Dismissal is warranted for a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz

v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted). A court must presume all factual allegations to be true and draw all reasonable inferences in favor of the non-moving party. Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir. 1991). The question is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence to support the claims. Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 184 (2005) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). While a complaint need not contain detailed factual allegations, a plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

**B. Discussion**

    1.   Failure to File an Opposition

Plaintiff did not file an opposition to FedEx's Motion. Pursuant to Local Rule 7-12, "failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Accordingly, the Court **GRANTS** FedEx's Motion without reaching the merits, simply based on Plaintiff's failure to oppose the Motion. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam) (affirming grant of motion to dismiss where the plaintiff failed to file an opposition as required by the local rules). Additionally, dismissal

is warranted on the merits of FedEx's Motion.

2. Request for Judicial Notice

FedEx asks the Court to take judicial notice of two declarations that describe the relationship between Defendants. The first is the Declaration of Shahram A. Eslami, the Staff Director of Securities and Corporate Law for FedEx, and the second is the Declaration of Julia Stumpf, a senior paralegal in Federal Express' Legal Department. See Req. for Judicial Notice ("RJN"), Exs. A-B, ECF Nos. 33:1-2. Both declarants are employees of Defendants. "A declaration by a party is not a matter appropriate for judicial notice in that it clearly is subject to dispute, the 'facts' are not generally known, and it is not from a source whose accuracy cannot reasonably be questioned." Abner v. Compton Unified Sch. Dist., No. CV 10-1517-DMG (PLA), 2010 U.S. Dist. LEXIS 84526, at *10 (C.D. Cal. June 8, 2010); see also Turnacliff v. Westly, 546 F.3d 1113, 1120 n.5 (9th Cir. 2008) (declining to take judicial notice of a declaration of a former employee filed in a different action because the facts described therein were "not generally known," nor was the former employee a "source whose accuracy cannot reasonably be questioned"). Accordingly, the Court declines to take judicial notice of these Declarations.

FedEx also asks the Court to take judicial notice of Defendants' Corporate Disclosure Statements from the California Secretary of State. See RJN, Exs. C-D, ECF

Nos. 33:3-4. Such documents are matters of public record, and therefore, the Court takes judicial notice of these documents. See Fed. R. Evid. 201; <u>Lee v. City of L.A.</u>, 250 F.3d 668, 689 (9th Cir. 2001).

    3. <u>FedEx's Motion to Dismiss</u>

    FedEx seeks dismissal of Plaintiff's First Amended Complaint because of Plaintiff's alleged failure to plead sufficient facts showing FedEx was Plaintiff's employer. "A parent corporation is presumed not to be the employer of its subsidiary's employees unless the parent exercises control 'to a degree that exceeds the control normally exercised by a parent corporation.'" <u>Mayfield v. Sara Lee Corp.</u>, No. C 04-1588 CW, 2005 U.S. Dist. LEXIS 42458, at *7 (N.D. Cal. Jan. 13, 2005) (quoting <u>Laird v. Capital Cities/ABC, Inc.</u>, 80 Cal. Rptr. 2d 454, 461 (Ct. App. 1998)). In determining whether a parent is liable as a plaintiff's employer under the FEHA, courts have turned to the integrated enterprise test.[2] See <u>Rhodes v. Sutter Health</u>, No. Civ. 2:12-0013 WBS DAD, 2012 U.S. Dist. LEXIS 25638, at *12 (E.D. Cal. Feb. 28, 2012) ("California courts have applied the integrated enterprise test in FEHA and wrongful termination cases."); <u>Toho-Towa Co. v. Morgan Creek Prod., Inc.</u>, 159 Cal. Rptr. 3d 469, 480 n.4 (Ct. App. 2013) ("California has accepted the single enterprise theory."). The test consists of four

---

[2] Plaintiff also refers to Defendants as "an integrated enterprise" in the First Amended Complaint. FAC ¶ 8.

7

factors: (1) "centralized control of labor relations," (2) "interrelation of operations," (3) "common management," and (4) "common ownership or financial control." Laird, 80 Cal Rptr. 2d at 460.

      a.  *Centralized Control of Labor Relations*

"Although courts consider the four factors together, they often deem centralized control of labor relations the most important." Id. at 461. "The critical question is, 'what entity made the final decisions regarding employment matters related to the person claiming discrimination?'" Rhodes, 2012 U.S. Dist. LEXIS 25638, at *14 (quoting Laird, 80 Cal. Rptr. 2d at 461). "To satisfy the control prong, a parent must control the day-to-day employment decisions of the subsidiary." Laird, 80 Cal. Rptr. 2d at 461 (quotation omitted).

Following the Court's grant of FedEx's first Motion to Dismiss, Plaintiff filed her First Amended Complaint, adding a number of allegations regarding her integrated enterprise theory. To show centralized control of labor relations, Plaintiff alleges that (1) FedEx "maintain[s] direct control over operations and business practices"; (2) FedEx and Federal Express share a centralized human resources department; (2) FedEx controls Federal Express through a centralized planning, hiring, and benefits scheme; (3) the companies are "run by the same people"; and (4) Federal Express employees are considered to be part

8

of the broader FedEx "team."  FAC ¶ 8.

While these general and conclusory allegations may suggest that a centralized unit controls Defendants' business, Plaintiff fails to allege how FedEx controls the day-to-day employment decisions of Federal Express. Other than clumping Defendants together in every allegation following paragraph eight of the First Amended Complaint, there is no allegation that FedEx even had any role in making "decisions regarding employment matters related to" Plaintiff.  <u>Laird</u>, 80 Cal. Rptr. 2d at 461.  Ultimately, because Plaintiff has not alleged control "that exceeds the control normally exercised by a parent corporation," <u>id.</u> (quotation omitted), Plaintiff has failed to allege facts sufficient for a showing of centralized control of labor relations, <u>see</u> <u>Miller v. Swiss Re Underwriters Agency, Inc.</u>, No. CV 09-09551 DDP (JEMx), 2010 U.S. Dist. LEXIS 35858, at *6 (C.D. Cal. Mar. 15, 2010) (finding the integrated enterprise test "hinges on whether one entity exercises an unusual degree of control over another [] entity").

    b.   *Interrelation of Operations*

To make a sufficient claim for interrelation of operations, a plaintiff must plead facts showing that the parent and subsidiary have greater interrelation than a normal parent-subsidiary relationship.  <u>See</u> <u>Mayfield</u>, 2005 U.S. Dist. LEXIS 42458, at *8 (granting motion to dismiss where a plaintiff's evidence of

interrelated operations were merely "incidental to a normal parent-subsidiary relationship").

In the First Amended Complaint, Plaintiff makes several allegations regarding Defendants' interrelation of operations. While Plaintiff alleges that Defendants are part of a large corporation, Defendants' Corporate Disclosure Statements show that FedEx and Federal Express are separate corporations. See RJN, Exs. C-D. Plaintiff also alleges that Defendants share a legal department. FAC ¶ 8. While allegations of a shared legal department are certainly relevant to a showing of interrelation of operations, see Toho-Towa, 159 Cal. Rptr. 3d at 481 (finding that a parent providing legal services to its subsidiary was relevant in holding that the two were an integrated enterprise), these allegations are less relevant than specific claims showing that FedEx took part in employment matters regarding Plaintiff, see Rhodes, 2012 U.S. Dist. LEXIS 25638, at *15 (holding that it was most important that the plaintiff show "that there was a centralized control of employment matters" or that the parent "played any role in the employment actions at issue" when asserting a FEHA claim under the integrated enterprise test). Accordingly, Plaintiff has not alleged facts sufficient to show interrelation of operations.

        c.   *Common Management*

Shared management is shown when the parent

corporation shares directors with the subsidiary and controls the selection of board members for the subsidiary. Cf. Morgan v. Safeway Stores, Inc., 884 F.2d 1211, 1214 (9th Cir. 1989) (finding that no common management existed between a parent and subsidiary because the parent had no "overlapping directors" with the subsidiary and did not control its selection of board members). Here, the Complaint makes no specific assertion that Defendants share directors or that FedEx controls the selection of Federal Express' board of directors.

        d. *Common Ownership and Financial Control*

Lastly, the Complaint alleges that Federal Express and FedEx are part of "one large corporation." FAC ¶ 8. However, this allegation is disproved by the judicially-noticed facts, which show that FedEx and Federal Express are separate corporations. See RJN, Exs. C-D. Further, even if the corporations are commonly owned, "common ownership or control alone is never enough to establish parent liability." Laird, 80 Cal. Rptr. 2d at 461 (citing Frank v. U.S. W., Inc., 3 F.3d 1357, 1364 (10th Cir. 1993)).

Because the First Amended Complaint does not include allegations sufficient to satisfy any of the above factors, the First Amended Complaint fails to plausibly allege that FedEx and Federal Express are an integrated enterprise. Therefore, the Court **GRANTS** FedEx's Motion.

3. <u>Leave to Amend</u>

FedEx filed a Motion to Dismiss Plaintiff's Complaint, which the Court granted with leave to amend. Now that the Court has afforded Plaintiff leave to amend once, and in light of the fact that Plaintiff still fails to allege facts sufficient to maintain an integrated enterprise theory and did not even oppose the instant Motion, "the Court finds leave to amend to be inappropriate." <u>Horton v. Neostrata Co.</u>, No. 3:16-CV-02189-AJB-JLB, 2017 U.S. Dist. LEXIS 34059, at *14-15 (S.D. Cal. Mar. 8, 2017); <u>see</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1992) (noting a district court's discretion to deny leave to amend is particularly broad where it has afforded the plaintiff one or more opportunities to amend).

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** FedEx's Motion **WITHOUT LEAVE TO AMEND.**

**IT IS SO ORDERED.**

DATED: August 10, 2018        s/ RONALD S.W. LEW
                              **HONORABLE RONALD S.W. LEW**
                              Senior U.S. District Judge